UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

AMANDA NUCHELL,

       Plaintiff,

v.

COUSINS SUBMARINES, INC.,
d/b/a COUSINS SUBS,

       Defendant.

Case No. 16-cv-232-pp

---

**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR CONDITIONAL CERTIFICATION AND COURT-AUTHORIZED NOTICE (DKT. NO. 12)**

---

Before the court is the plaintiff's motion for issuance of a step-one notice of the plaintiff's collective action pursuant to §216(b) of the Fair Labor Standards Act. For the reasons explained below, the court will grant in part the plaintiff's motion.

I.    **FACTUAL BACKGROUND**

Defendant Cousins Submarines, Inc. d/b/a Cousins Subs ("Cousins") employed the plaintiff from November 2009 through December 2015. Decl. of Amanda Nuchell, Dkt. No. 13, ¶3. During that time, she worked at two Cousins restaurants, one located at 530 W. Sunset Drive, Waukesha, Wisconsin (the "Sunset Drive restaurant"), and another located at 10716 W. Oklahoma Avenue, West Allis, Wisconsin (the "Oklahoma Avenue restaurant"). Id., ¶3. Beginning sometime in 2013, the plaintiff held the position of Assistant Manager, and Cousins paid her an hourly rate of between $9.00 to $10.00 for

1

the hours she worked. Id. at 7. She alleges that Cousins regularly scheduled her to work at or near forty hours in a workweek. Id., ¶9. The plaintiff asserts in her complaint, and swears in her declaration, that Cousins permitted her (and members of the proposed Wisconsin Class) to work more than forty hours in a workweek (as a result of picking up additional shifts or working before or after the scheduled start or end of a shift), and that Cousins failed to pay her (and members of the potential class) overtime compensation when they did. Dkt. No. 1, ¶¶22-26; Dkt. No. 13, ¶¶9-10.

In support of her motion for conditional class certification, the plaintiff filed declarations from two former hourly assistant managers at Cousins' locations where the plaintiff also worked, Jennifer Watry and Mary Kuenzi. Dkt. Nos. 14-15. Watry worked at the Sunset Drive restaurant. Dkt. No. 14, ¶3. Kuenzi worked at the Sunset Drive and Oklahoma Avenue restaurants, and at another restaurant located at 8538 W. Brown Deer Road, Milwaukee, Wisconsin (the "Northridge restaurant"). Dkt. No. 15, ¶3.

The plaintiff's immediate supervisor was the General Manager of the restaurant where she worked. Dkt. No. 13, ¶4. General Managers reported to a District Manager; Ron Willman was the District Manager of the restaurants where the plaintiff worked. Id., ¶5. The plaintiff and the former assistant managers swear that the general managers responsible for the Cousins' stores in the geographic area and the district manager confirmed that Cousins' practice was not to pay overtime compensation for all hours worked over forty when questioned by the hourly Assistant Managers. Id., ¶12; Dkt. Nos. 14,

¶¶10-11; Dkt. No. 15, ¶¶10-11. The assistant managers declare that they were told to "clock out and work or not work at all," dkt. no. 13, ¶12, that their overtime hours "would be added to [the] next paycheck at [the employee's] straight time rate," dkt. no. 14, ¶11, or that Cousins' policy was not to pay "overtime compensation unless an employee exceeded forty hours worked in both workweeks in a bi-weekly pay period." Dkt. No. 15, ¶11. Neither the General Managers nor Area Supervisor Ron Willman took any additional steps to ensure that the hourly Assistant Managers had been properly paid for all overtime work hours after being questioned about such pay by the hourly Assistant Managers. Dkt. No. 13, ¶12; Dkt. No. 14, ¶11 (as to Willman); Dkt. No. 15, ¶11 (as to general manager Jamie Dundin).

The plaintiff filed her pay stub and timesheets for the period November 1, 2015 through November 14, 2015. Dkt. No. 13, Exhs. A-C. During those two weeks, the plaintiff worked 42.60 hours in the first workweek and 42.95 hours in the second—a total of 85.55 hours. Cousins paid the plaintiff, however, for only eighty hours of work at $10.00 per hour—her straight-time rate. Dkt. No. 13, ¶11; Dkt. No. 13-1, Ex. A. The plaintiff alleges that Cousins underpaid her "for 5.55 hours of overtime compensation during that pay period." Dkt. No. 18, at 15.

## II.  STANDARD OF REVIEW

"A collective action under § 216(b) differs from a class action under Federal Rule of Civil Procedure 23 in that Rule 23 binds class members unless they opt out, whereas collective action members are bound under § 216(b) only

if they opt in to the action by providing their written consent." Franks v. MKM Oil, Inc., 2012 WL 3903782, at *9 (N.D. Ill. Sept. 7, 2012) (citing Ervin v. OS Rest. Servs., Inc., 632 F.3d 971, 976 (7th Cir. 2011)). The majority of courts in this circuit follow a two-step process to determine whether an FLSA lawsuit should proceed as a collective action. E.g., Brabazon v. Aurora Health Care, Inc., No. 10-CV-714, 2011 WL 1131097, at *2 (E.D. Wis. Mar. 28, 2011) Franks, 2012 WL 3903782, at *9. At step one, the court makes a conditional certification; at step two, the court makes a final certification. Blakes v. Ill. Bell Tel. Co., 2013 WL 6662831, at *4 (N.D. Ill. Dec. 17, 2013) ("District courts typically follow a two-step process . . . involving conditional certification of a class pre-discovery followed by a second look at whether collective treatment is appropriate after the parties have engaged in discovery.").

At the first step, it is the plaintiff's burden to make a "modest factual showing sufficient to demonstrate that [she] and potential plaintiffs together were victims of a common policy or plan that violated the law." Russell v. Ill. Bell Tel. Co., 575 F. Supp. 2d 930, 933 (N.D. Ill. 2008) (quoting Flores v. Lifeway Foods, Inc., 289 F. Supp. 2d 1042, 1045 (N.D. Ill. 2003)). "The 'modest factual showing' cannot be satisfied simply by 'unsupported assertions,' but it should remain a low standard of proof because the purpose of this first stage is merely to determine *whether* 'similarly situated' plaintiffs do in fact exist." Myers v. Hertz Corp., 624 F.3d 537, 555 (2d Cir. 2010)(citations omitted). It requires "some evidence, beyond pure speculation, of a factual nexus between the manner in which the employer's alleged policy affected her and the manner

4

in which it affected other employees." Zavala v. Wal Mart Stores, Inc., 691 F.3d 527 at n. 4 (3d Cir. 2012) (quotation omitted); see also Molina v. First Line Sol'ns LLC, 566 F. Supp. 2d 770, 786 (N.D. Ill. 2007) ("Unless defendant admits in its answer or briefs that other similarly situated employees exist, plaintiffs cannot rely on their allegations alone to make the required modest factual showing."). The plaintiff may present factual support in the form of affidavits, declarations, deposition testimony, or other documents in order to demonstrate some "factual nexus between the plaintiff and the proposed class or a common policy that affects all the collective members." Nehmelman v. Penn Nat'l Gaming, Inc., 822 F. Supp. 2d 745, 750 (N.D. Ill. 2011).

If the plaintiff satisfies her step-one burden, the court issues a notice to prospective plaintiffs who may wish to opt in to the case. After the discovery period closes, the case moves to the second step. At that time, on a more developed evidentiary record, the court determines "whether the plaintiffs who have opted in are in fact 'similarly situated' to the named plaintiffs," which would allow the "collective action" to proceed. If the record shows that the opt-in plaintiffs are not similarly situated to the plaintiff, the action may be 'de-certified' and the opt-in plaintiffs' claims may be dismissed without prejudice." Myers, 624 F.3d at 555.

"At the second stage, the court considers (1) whether the plaintiffs share similar or disparate factual and employment settings; (2) whether the various affirmative defenses available to the defendant would have to individually applied to each plaintiff; and (3) fairness and procedural concerns." Strait v.

5

Belcan Eng'g Grp., Inc., 911 F. Supp. 2d 709, 718 (N.D. Ill. 2012) (quotation omitted). This stage is where the certification bears more of a resemblance to the Rule 23 class certification standard. See Espenscheid v. DirectSat USA, LLC, 705 F.3d 770, 772 (7th Cir. 2013)). "[I]t is not until the conclusion of the opt-in process and class discovery 'that the court more rigorously reviews whether the representative plaintiff and the putative claimants are in fact similarly situated so that the lawsuit may proceed as a collective action.'" Tamas v. Family Video Movie Club, Inc., 2013 WL 4080649, at *3 (N.D. Ill. Aug. 13, 2013) (quoting Smallwood v. Ill. Bell Tel. Co., 710 F. Supp. 2d 746, 750 (N.D. Ill. 2010)).

### III. ANALYSIS

    A.    <u>The Plaintiff Has Made a Modest Factual Showing that Conditional Certification Is Appropriate.</u>

The declarants' sworn statements attest that the defendant underpaid them for overtime hours that they worked, and they reflect several methods the defendants used to implement such a policy: suggesting that employees work off the clock, dkt. no. 13, ¶12; refusing to pay overtime compensation unless an employee exceeded forty hours in both weeks of a two-week pay period, dkt. no. 15, ¶11; and paying overtime hours at an employee's straight time rate, dkt. no. 14, ¶12. The common theme in the declarations is that the defendant's general managers and district manager refused to pay earned overtime appropriately because that was the defendant's policy.

The defendant does not dispute that the plaintiff has provided evidence that, on at least one occasion, Cousins did not properly pay her for her

6

overtime. Dkt. No. 19, at 1. Chalking that up to human error, the defendant suggests that the issue could have been corrected if the plaintiff had notified her general manager. Id. at 2. The defendant contends that the plaintiff "was regularly paid overtime for all hours worked over 40 in a workweek," and that Watry and Kuenzi "were regularly paid time and one-half for all overtime hours worked—just like Plaintiff." Id. at 2, 9. The defendant further argues that Watry's and Kuenzi's declarations add nothing to the plaintiff's attempt to meet her step-one burden, because their employment falls outside the statute of limitations period and they cannot be members of the class. Id., at 9-10. The defendant contends that, having reduced the plaintiff's case to a single dispute over one pay period which is supported only by two declarants who lack viable claims, the court should deny the plaintiff's motion for a step-one certification.

Because this case is at step one, where the plaintiff's evidentiary burden is low, the fact that the plaintiff has presented only one instance of unpaid overtime compensation does not persuade the court to deny her motion for conditional certification. The plaintiff has come forward with evidence that the defendant underpaid her for overtime hours. The defendant's insistence that the plaintiff (and the supporting declarants) *were* paid overtime on other occasions does not affect the court's analysis at this stage. Although there may be contested factual issues, "it is not the role of the court to resolve factual disputes over the merits of the claim at this stage of the proceeding." Adair v. Wis. Bell, Inc., 2008 WL 2690716, *2 (E.D. Wis. July 2, 2008)

The plaintiff's declaration further states that it was the defendant's corporate policy not to pay overtime, and it describes two methods that the plaintiff's general manager allegedly suggested she use to avoid working overtime: "clock out and work or not work at all[.]" Dkt. No. 13, ¶12. The declarations filed by Watry and Keunzi are consistent with the plaintiff's. The court disagrees that it should disregard their declarations because their claims are time-barred. Other district courts have concluded that it is proper for a court to consider "affidavits of employees who are time-barred under the three-year statute-of-limitations applicable to willful FLSA violations." Lujan v. Cabana Mgmt., Inc., No. 10–CV–755, 2011 WL 317984, at *5 (E.D.N.Y. Feb. 1, 2011); see also Fisher v. Michigan Bell Tel. Co., 665 F. Supp. 2d 819, 828 (E.D. Mich. 2009) ("Although the two opt-in [p]laintiff/deponents from the Kalamazoo, and both Detroit call centers may not themselves have viable claims during the statutory period, this does not undermine the fact that [the p]laintiffs have provided relevant evidence supporting the inclusion of these call centers in the class so that other putative class members, who have viable claims, may receive notice of this action."). Declarations from employees whose employment falls outside the statutory period "are probative of employer's wage and hour practices and they may corroborate the claims of more recent violations." Id. The fact that an employee's claims are time-barred, however, may lessen the weight the court accords to his or her affidavit. See Laroque v. Domino's Pizza, LLC, 557 F. Supp. 2d 346, 355–356 (E.D.N.Y. May 30, 2008).

The court concludes that the record sets forth a modest factual showing that the defendant did not properly compensate hourly assistant managers at the Sunset Drive, Oklahoma Avenue, and Northridge restaurants for their overtime hours—but just barely. The court would not conditionally certify a collective action based solely on the plaintiff's declaration, primarily because it does not identify any other assistant managers who the plaintiff believes were not properly paid overtime compensation. See Boltinghouse v. Abbott Labs, Inc., No. 15-cv-6223, 2016 WL 3940096, at *3 (N. D. Ill. July 20, 2016). As discussed above, the only support for the plaintiff's allegations currently comes from the declarations of two former employees who cannot be members of the class. But the purpose of a step-one certification is "to determine *whether* 'similarly situated' plaintiffs do in fact exist." Myers, 624 F.3d at 555. Based on the plaintiff's submissions, the court concludes that the plaintiff has submitted evidence reasonably suggesting that a class of employees exists that is similarly situated to the plaintiff. Berndt v. Clearly Bldg. Corp., 11-cv-791, 2013 WL 3287599, *7-9 (W.D. Wis. Jan. 25, 2013)

Recognizing the limitations of the plaintiff's evidence, however, the court will tailor the conditionally-certified class to the facts contained in the record. The plaintiff's evidence relates only to three of the twenty-three corporate-owned Cousins locations in the area, so the court will not certify a class including all twenty-three locations. Based on the current record, the court finds that the scope of the class should be limited only to the three locations so

far at issue—the Sunset Drive, Oklahoma Avenue, and Northridge restaurants. Therefore, the court conditionally certifies a class defined as:

> All persons who have worked for Cousins Submarines, Inc. d/b/a Cousins Subs as an hourly Assistant Manager at its 530 W. Sunset Drive, Waukesha, Wisconsin, 10716 W. Oklahoma Avenue, West Allis, Wisconsin, and/or 8538 W. Brown Deer Road, Milwaukee, Wisconsin location(s) at any time since August 5, 2013.

If discovery yields evidence supporting the plaintiff's allegations that the defendant's policy of refusing to properly pay overtime wages extends beyond these three locations, the court will entertain a motion seeking to expand the class. On the other hand, if discovery yields no additional plaintiffs, the court will consider a motion seeking to decertify the class.

> B. The Court Will Require the Plaintiff to Modify the Scope of the Notice of Right to Join Lawsuit Form.

The court now turns to the content of the notice that the potential opt-in plaintiffs will receive. The court will modify three aspects of the proposed notice submitted by the plaintiff. Dkt. No. 12-1.

First, the court will require the plaintiff to modify the scope of the employees or former employees who will receive notice of this case. The plaintiff proposes that the notice of the right to join the conditionally-certified action should be sent to all hourly assistant managers who worked at a corporate-owned Cousins locations. Id. at 1. The court, however, has determined that the plaintiff is similarly situated only to all hourly assistant managers who worked at the Sunset Drive, Oklahoma Avenue, and Northridge restaurants. The current factual record does not support a broader class than that. Accordingly,

the court will require the plaintiff to modify "TO:" paragraph on page 1 of the notice, to limit it to employees or former employees at those locations. The court will order that the plaintiff modify the "TO:" paragraph on page 1 of the notice to read:

> TO: All current and former hourly Assistant Managers who have worked at the 530 W. Sunset Drive, Waukesha, Wisconsin, 10716 W. Oklahoma Avenue, West Allis, Wisconsin, and/or 8538 W. Brown Deer Road, Milwaukee, Wisconsin location(s) of Cousins Submarines, Inc. d/b/a Cousins Subs location at any time since [*3 years prior to the date of this notice being sent*] and who were paid on an hourly basis.

\* \* \*

Second, the court will reduce the duration of the opt-in period. The plaintiff proposes a seventy-five-day opt-in period, dkt. no. 12-1 at 4, which the defendant characterizes as "excessive" and argues should be modified to forty-five days. Dkt. No. 19, at 21. In her reply brief, the plaintiff stated that she would agree to that modification. Dkt. No. 28, at 13 n. 3. Consequently, the court will order the plaintiff to modify Section V.A.(2) of the plaintiff's proposed notice to provide as follows:

> (2) The Consent Form must be postmarked on or before **[45 days from mailing]**; and

\* \* \*

Similarly, the court will order the plaintiff to modify Section IX of the plaintiff's proposed notice to read as follows:

> If you want to participate in this lawsuit, it is **extremely important that you read, sign, and mail**

11

> **the Consent Form, in the enclosed prepaid envelope on or before 45 days from mailing.**

\* \* \*

Finally, the court rejects the defendant's request that it require the plaintiff to modify Section VI of the proposed notice to include a statement that potential class members may be responsible for the defendants' court costs under Federal Rule of Civil Procedure 54(d) if the plaintiffs do not prevail. Dkt. No. 19, at 20. Currently, Section VI provides, in relevant part:

> The attorneys listed above will be paid on a contingency fee basis, which means that if there is no recovery, you will not have to pay any attorneys' fees and you will not owe the attorneys anything.

\* \* \*

Dkt. No. 12-1 at 4.

Relying on <u>Fosbinder-Bittorf v. SSM Health Care of Wis., Inc.</u>, 11-cv-592, 2013 WL 3287634, (W.D. Wis. Mar. 21, 2013), the defendant argues that this clause is misleading, because it does not inform potential opt-in plaintiffs that they may be required to pay the defendant's court costs if the defendant prevails. Dkt. No. 19, at 20. Citing many decisions from this district, the Western District, and others, the plaintiff responds that the court should not add this language because it could chill participation in a collective action. Dkt. No. 28, at 14. The court is persuaded by the reasoning of the courts that have refused to include a warning about court costs to potential opt-in plaintiffs. As the <u>Lujan</u> court explained, "given the remote possibility that such costs for absent class members would be other than *de minimis*, as well as the risk of an

12

*in terrorem* effect that is disproportionate to the actual likelihood of significant costs." Lujan, 2011 WL 317984, at *11. The court will not require the plaintiff to modify the proposed notice to include a warning to potential plaintiffs regarding the defendant's court costs.

## IV. CONCLUSION

For the reasons explained above, the court **GRANTS IN PART** the plaintiff's Motion for Conditional Certification and Court-Authorized Notice (Dkt. No. 12);

The court **APPROVES** the notice of right to join lawsuit form, conditioned upon the plaintiff making the modifications described in this order;

The court **APPOINTS** the firm of Hawks, Quindel, S.C. as collective action counsel; and

The court **ORDERS** that the defendant shall, within ten (10) days of the date of this order, identify and produce to the plaintiff's counsel the first name, last name, last-known street address, city, state, zip code, phone number, and dates of employment, of all persons who were employed at the Sunset Drive, Oklahoma Avenue, and/or Northridge restaurants at any time since August 5, 2013. The defendant shall produce the class list to plaintiff's counsel as a

Microsoft Excel spreadsheet, with each field of information identified above as a separate column.

Dated in Milwaukee, Wisconsin this 28th day of February, 2017.

BY THE COURT:

_____
HON. PAMELA PEPPER
United States District Judge